**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO ADOLFO BARRIOS; JULIA GUADALUPE MARROQUIN,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71151<br><br>Agency Nos.  A071-602-075<br>A070-947-574<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:      W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Gustavo Adolfo Barrios and Julia Guadalupe Marroquin, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their application for asylum, withholding of removal, and protection under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  We have jurisdiction under

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

With respect to past harm, substantial evidence supports the BIA's finding that guerrillas targeted Barrios for recruitment because he had experience in using military armaments and not on account of a protected ground, including his actual or imputed political opinion.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992). With respect to Barrios's fear of future harm, Barrios testified he does not fear persecution by the guerrillas if he returns to Guatemala.  And, Barrios does not challenge the BIA's findings regarding his fear of future gang violence in Guatemala.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Barrios's asylum and withholding of removal claims fail.  *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

Finally, Barrios does not challenge the BIA's denial of CAT relief.  *See Martinez-Serrano*, 94 F.3d at 1259-60.

**PETITION FOR REVIEW DENIED.**